UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.A. BRAUN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LANDSTAR RANGER, INC.,<br><br>    Defendant. | Case No. 19-cv-02259-JCS<br><br>**ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE, VACATING MOTION HEARING AND CONTINUING CASE MANAGEMENT CONFERENCE TO AUGUST 23, 2019**<br><br>Re: Dkt. No. 13 |

## I. INTRODUCTION

Presently before the Court is Defendant's Motion to Dismiss for Improper Venue ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the motion hearing set for July 19, 2019 pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED. The Case Management Conference previously scheduled for July 19, 2019 is continued to August 23, 2019 at 2:00 p.m.[1]

## II. BACKGROUND

In this action, Plaintiff G.A. Braun, Inc. ("Braun") asserts claims for damage to cargo under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, against carrier Landstar Ranger, Inc. ("Landstar"). Complaint ¶ 3. Braun alleges that Landstar agreed to transport cargo from New York to Maryland, that the cargo was in good condition when a Landstar truck received it, and that it was damaged when it arrived at its destination; the driver allegedly admitted that the damage occurred when he drove over a curb in transit. *Id.* ¶ 5; *see also* Complaint, Ex. A (Bill of Lading showing that truck was loaded in Syracuse, N.Y., with note

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

that shipment was refused because it was damaged and that "driver hit curb on the way in"). In the Complaint, Braun alleges that Landstar "was at all times herein material engaged in business as a carrier of goods for hire and bailee for hire within this judicial district." *Id.* ¶ 2.

Landstar responded to the Complaint by bringing the instant Motion, asserting that the case should be transferred to the District of Maryland pursuant to 49 U.S.C. § 14706(d)(2) (providing for venue in the judicial district in which the damage occurred) and 28 U.S.C. § 1406(a) (providing for dismissal or transfer of action when it has been filed in the wrong venue). It argued in the alternative that the action should be transferred under 28 U.S.C. § 1404(a), which gives the court discretion to transfer an action to another district for the convenience of the parties and witnesses and in the interests of justice.

In its Reply brief, Landstar withdrew its request to transfer under 49 U.S.C. § 14706(d)(2), conceding that under subsection (d)(1) of section 14706, venue lies in a judicial district in which the defendant carrier operates and that Landstar *does* operate in this judicial district. Landstar also apologized for "missing" Braun's allegation in paragraph 2 of the Complaint that Landstar operates in this judicial district. The only remaining question is whether the action should be transferred to the District of Maryland[2] under 28 U.S.C. § 1404. Landstar argues that it should because none of the relevant events occurred in this district, whereas the truck was loaded in New York, the driver resides in Hornell, New York, the cargo was delivered in Maryland and the inspector who inspected the damage on behalf of Braun's insurer is based in Boston, Massachusetts. *See* McAuley Decl. ¶¶ 4-7; McAuley Supp. Decl. ¶ 4.

Braun argues that Landstar has not established that a transfer of this case to the District of Maryland is warranted under 28 U.S.C. § 1404(a) and therefore, that Landstar's request should be denied.

---

[2] Although there is a passing reference in the Motion to the possibility of transferring the action to a district court "in New York . . . or Maryland," the relief that Landstar requests in the Motion is either dismissal or "an Order assigning this case to the Federal District Court of Maryland." Motion at 2, 6. In Landstar's Reply brief, it asks the Court to transfer the case to the "Southern District of Maryland." *See* Reply at 1. The Court interprets this as a request for transfer to the District of Maryland." Nowhere does Landstar directly request that the Court transfer the case to a district court in New York state or identify any particular district court in New York that might be a more appropriate venue.

2

## III. ANALYSIS

### A. Legal Standards

#### 1. 28 U.S.C. § 1404(a)

A case may be transferred "[f]or the convenience of parties and witnesses, in the interests of justice," to "any other district or division where it might have been brought." 28 U.S.C. §1404(a). There are two prongs to this analysis. First, the transferee district must be a district where the case could have originally been filed, meaning the court has jurisdiction and venue is proper. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. 03-3711 (MHP), 2003 WL 22387598, at *1 (N.D. Cal. Oct. 14, 2003). The moving party bears the burden to prove this first step. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). If the first prong is satisfied, the court decides whether to grant or deny a motion to transfer, balancing "the plaintiff's interest to freely choose a litigation forum against the aggregate considerations of convenience of the defendants and witnesses and the interests of justice." *Wireless Consumers*, 2003 WL 22387598, at *1; 28 U.S.C. § 1404(a). The factors a court may consider include:

> (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum.

*Royal Queentex Enters. Inc. v. Sara Lee Corp.*, No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal., March 1, 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

"As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer." *Edwards v. Depuy Synthes Sales, Inc.*, No. C 13-6006 CW, 2014 WL 2194798, at *2 (N.D. Cal. May 22, 2014). "Transfer is not appropriate under § 1404(a) where it "would merely shift rather than eliminate the inconvenience." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

3

**2. The Carmack Amendment**

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, "codifies the common-law rule that a carrier, though not an absolute insurer, is liable for damage to goods transported by it unless it can show that the damage was caused by (a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods." *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 137 (1964) (internal quotations and citations omitted). "[T]he shipper establishes his prima facie case when he shows delivery in good condition, arrival in damaged condition, and the amount of damages." *Id*. at 138. Where this burden is satisfied, the "burden of proof is upon the carrier to show both that it was free from negligence and that the damage to the cargo was due to one of the excepted causes relieving the carrier of liability." *Id.*

**B. Discussion**

Braun does not dispute that this action could have been brought in the District of Maryland; rather, it argues that Landstar has not demonstrated that a transfer is appropriate under Section 1404(a). The Court agrees.

Based on the declarations supplied by the parties, it appears that there are no significant disputes with respect to the elements required in order for Braun to make a prima facie case under the Carmack Amendment. The main issue in this case relates to the defense Landstar intends to assert based on Braun's alleged negligence in packing the cargo. In particular, it is Landstar's position that Braun packed the equipment that was shipped by Landstar on pallets that weren't adequate to carry such a heavy load and the insufficiency of the packing was not apparent to the driver. Reply at 3. Thus, the driver (who lives in Hornell, New York) will likely be a witness in this case. Indeed, the parties appear to be in agreement that the driver will be one of the most important witnesses in this case.

Perhaps there also will be witnesses who were involved in packing the cargo for shipping, presumably in Syracuse, New York, though none has been identified. The individual who rejected the shipment when it arrived in Maryland may also be a witness, though it is not apparent this individual will need to be deposed as it appears to be undisputed that the cargo was damaged when

4

received and that it occurred when the driver went over a curb at the delivery location. Likewise, although it is possible that the inspector employed by the Recovery Services Group to inspect the damaged cargo will be deposed, Landstar has not identified any disputes as to the opinions he expresses in his written report (attached to the McAuley Declaration as Exhibit 4) about the damage to the cargo.

This case is not complicated, and Landstar has not established that any important witnesses reside in the requested transferee district. It also has not explained why the driver cannot be deposed by video; nor has it addressed whether the driver travels to this district in connection with his job as a truck driver. Landstar's reliance on the assertion that the "East Coast" is "the location of all relevant knowledge about this case" is not sufficient to establish that proceedings in the District of Maryland would be substantially more convenient than in this District.

## IV. CONCLUSION

The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 12, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge